Hart, J.
 

 The sole question to be determined is: Where real estate is devised in a childless testator’s will to a trustee therein named, and the surviving spouse elects to reject the provisions of the will in
 
 *274
 
 her behalf and to take her interest in the estate under the statute of descent and distribution, is her interest in such estate in the nature of a distributive share measured in money, or does title to a statutory share in such real estate pass to her in fee simple as an estate of inheritance, subject to the payment of debts of the estate?
 

 The answer to the foregoing question will determine the collateral question, directly involved in this litigation, whether one-half of the rents from the real estate owned by Ray K. Barlow in his lifetime, collected and held since his death by the trustee named in his will, must be paid to his spouse as his heir-at-law, or to other devisees under the will on the theory that she does not take a fee in the real estate but only a distributive share of the estate in money.
 

 The pertinent part of the statute of descent and distribution, Section 10503-4, General Code, provides:
 

 “When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course: * * *
 

 “4. If there be no children, or their lineal descendants, three-fourths to the surviving spouse and one-fourth to the parents of the intestate equally, or to the surviving parent; if there be no parents, then the whole to the surviving spouse.”
 

 All parties concede that, in case of intestacy of a deceased spouse, the surviving spouse who is entitled to take under this statute takes an estate of inheritance in the real estate.
 

 Where there is a will and the surviving spouse is not satisfied with the provisions of the will, she, by virtue of Section 10504-55, General Code, may elect to
 
 *275
 
 take under the statute of descent and distribution. That section, however, places a limitation on the provisions of Section 10503-4, General Code, to the effect that “in the event of election to take under the statute of descent and distribution, such spouse shall take not to exceed one-half.of the net estate.”
 

 Plaintiff claims that the limitation imposed by Section 10504-55, General Code, changes the inheritable quality of the estate which the surviving spouse takes in case she elects not to take under the will, and gives her only “one-half of the net estate,” measured in money; and that the surviving spouse under such circumstances does not take as an heir-at-law, but as a distributee of her share in money at the close of the administration of the estate. On the other hand, the surviving spouse claims that Section 10504-55, General Code, does not limit or change the qu.ah.ty but only the quantity of the estate which she takes by her election, and that she still takes such portion as an heir-at-law under Section 10503-4, General Code.
 

 The Probate Court found that the widow was entitled to one-half of the net estate remaining after deducting her exemption, the year’s allowance, debts of the estate and cost of the administration; that the widow did not take one-half interest in fee simple in the real estate; and that the one-half of the net estate should not include income from the real estate collected by the trustee.
 

 The Court of Appeals held that the Probate Court erred in ordering and decreeing “that the interest which such widow takes in the assets of said estate is not that interest which is taken by a surviving spouse if the decedent dies intestate; that such spouse does not take a fee simple in an undivided one-half of the real estate; that the interest which she takes is in the nature of a distributive share which under the statute is made a charge on all the assets of said
 
 *276
 
 estate.” The Court of Appeals further held that upon the election of the widow to reject the will of the decedent, there being no children, the widow became vested with a fee simple title to one-half of the real estate of the decedent, relating back to the date of the death of the decedent, and to one-half of the decedent’s personal estate, both subject to one-half the debts and the liabilities of the estate; that the term “net estate” as employed in Section 10504-55, General Code, has no limitation which would restrict the widow to a distributive share measured in money; and that the interest taken by such widow in the assets of the decedent is of the same quality as that taken by the surviving spouse where the decedent dies intestate, but such share is limited in quantity not to exceed one-half of the net estate.
 

 The Court of Appeals further found that the Probate Court erred in ordering and decreeing that “where the testator devises real estate to a trustee, upon the appointment of the trustee, his title relates back to the date of the death of the testator and such trustee is entitled to collect rents and profits from said real estate after the death of the testator, but such rents and profits do not become a part of the net estate in determining the widow’s share.”
 

 The Court of Appeals held that where the testator devises real estate to a trustee, the trustee, upon his appointment, takes title thereto which relates back to the date of the death of the testator, and such trustee is entitled to collect rents and profits from the real estate after the death of the testator, but, upon the election of the surviving spouse to reject the provisions of the' will and take under the statute of descent and distribution, the trustee is divested of that portion of the fee simple title to the real estate which the surviving spouse takes by law (in this case, one-half),
 
 *277
 
 and the surviving spouse is vested with such portion, in fee simple, relating back to the date of the death of the testator. The court further held that upon her election to reject the will, the widow’s interest consisted of one-half of the net real estate and one-half of the net personalty of the decedent, plus the income from both types of property, after the testator’s death.
 

 The substituted plaintiff claims that her position, in seeking to have the judgment of the Court of Appeals reversed, is supported by the decision of this court in the case of
 
 Miller
 
 v.
 
 Miller, Admr.,
 
 129 Ohio St., 230, 194 N. E., 450.
 

 In the
 
 Miller case
 
 the court had under consideration the estates, of two decedents. On April 29,1932, Harry B. Miller, died testate without issue or surviving parent. His will gave Clara J. Miller, his widow, a life estate in all his property with a right to use the corpus, if necessary, for her comfort and support. On May 4, 1932, five days later, she died intestate without issue and without having made an election to take under the will of her deceased husband or under the law. The administrator with the will annexed of the estate of Harry B. Miller filed an action in the Common Pleas Court for direction as to the distribution of the estate and that court decided that .Clara J. Miller, having-made no election to take under the will or under the law, was conclusively presumed to have elected to take under the law, which meant that she took not to exceed one-half of the estate as provided by Section 10504-55, General Code, rather than the entire estate as upon intestate descent and distribution under Section 10503-4, General Code. This court then held that the actual taking of a share of such estate by such surviving spouse was under Section 10504-55, General Code; that Section 10503-5, General Code, relating to the “descent” of an estate which came from a de
 
 *278
 
 ceased spouse, popularly known as the half-and-half statute, had no application; and that upon the death of the surviving spouse, intestate, her whole estate passed under Section 10503-4, General Code, pertaining to descent and distribution.
 

 The
 
 Miller case
 
 was decided on February 27, 1935. On May 9, 1941, in light of the decision of this court in that case, the General Assembly amended Section 10503-5, General Code (119 Ohio Laws, 394, 396), effective August 22, 1941, a year and two days before the death of Ray K. Barlow, the testator in this case. The section, as amended with the deleted material included in brackets, and the new material shown by italics, is as follows:
 

 "When [the]
 
 a
 
 relict of a deceased husband or wife dies intestate and without issue, possessed of [any]
 
 identical
 
 real estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest or descent,
 
 or by virtue of an election to take under the statute of descent and distribution,
 
 then such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, [or the next of kin of deceased children]
 
 or their lineal descendants, per stirpes.
 
 If there are no children [or next of'kin of deceased children]
 
 .or their lineal descendants,
 
 then such estate, real and personal, except for the one-half passing to the surviving spouse, if any, of such relict, shall pass and descend [one-half to the brothers and sisters of such relict, or the next of kin of deceased brothers and sisters, and one-half to the brothers and sisters of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased brothers and sisters]
 
 as
 
 
 *279
 

 follows: One-half to the other heirs of such relict, under the provisions of the other statutes of descent and distribution, in the same manner and proportions as if the relict hacl left no surviving spouse; and one-half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or th.e survivor of such parents, and if there be no parent surviving, to the brothers and sisters, ivhether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes.
 
 *• * *”
 

 Clearly, by this amendment, if a surviving spouse dies intestate and without issue, the devolution of identical property which came to her from the estate of her spouse
 
 “by virtue of an election to take under
 
 the statute of descent and distribution,” is controlled by the half-and-half statute because it came to her by election to take
 
 under the statute of descent and distribution,
 
 and not as a mere distributive share of her husband’s estate outside of her right of inheritance from him. In other words, if the amended statute had been in force when the will in the
 
 Miller case
 
 became operative, the property coming to Mrs. Miller’s estate from her husband’s estate by election to take under the statute of descent and distribution would not have gone to her estate as a distributive share freed of the control of the statute of descent and distribution as decided by this court, but would have descended as property inherited by her from her husband, and consequently controlled in its disposition through her estate by the half-and-half statute.
 

 The only purpose of the so-called half-and-half statute is to prevent property, descending by an inheritance from a deceased spouse to his surviving spouse who dies intestate and without issue, from passing, in entirety to the next of kin of such surviving spouse to the exclusion of the next of kin of the former de
 
 *280
 
 ceased spouse. In other words, the purpose of the statute is to preserve equity as between the next of kin of the two spouses in property which has passed from one spouse to the other by way of inheritance.
 

 The General Assembly, in amending Section 10503-5, General Code, evidently did so to prevent the recurrence of the result which obtained under the decision of this court in the
 
 Miller case,
 
 and in so doing, in effect, treated Section 10504-55, General Code, as though it were a part of the statute of descent and distribution; and that the property passing thereunder to a surviving spouse, electing not to take under the will, passed from the estate of the deceased spouse, not by way of a distributive share, but by way of inheritance.
 

 The statute, Section 10504-55, General Code, limiting the share which the relict of a deceased husband or wife may elect to take in the estate of such deceased husband or wife under the statute of descent and distribution, does not make such share one-half of the net
 
 value
 
 of such estate, but one-half of the net estate. Hence, there is nothing to indicate that the surviving spouse shall be paid a distributive share in money rather than one-half of the real estate and one-half of the net personal estate after the payment of debts. In fact, if no real estate passes to her by inheritance under such election, the half-and-half statute could never operate on real estate, notwithstanding the statute, as amended, now provides that “when a relict of a deceased husband or wife dies intestate and without issue, possessed of
 
 identical real estate or personal property
 
 which came to such relict from any deceased spouse * * *
 
 by virtue of an election to take .under the statute of descent and distribution,
 
 then such estate * * .* shall pass, ’ ’ etc.
 

 • From these considerations it seems inescapable that
 
 *281
 
 the relict of a deceased husband, who elects to take her share in his estate under the statute of descent and distribution as limited by Section 10504-55, General Code, which section must be read
 
 in pari materia
 
 with Section 10503-5, General Code, takes real estate, if there be such in the estate of the deceased husband, as an inheritance and not its appraised value in money. It necessarily follows that when such real estate is taken, the relict is entitled to the rents on her share of the real estate, from the date of the death of her husband.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.