[Cite as *Wickham v. Wickham*, 2015-Ohio-4136.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| JOHN WICKHAM AND | : | **JUDGES:** |
| LISA F. WICKHAM | : | Hon. W. Scott Gwin, P.J. |
| AS TRUSTEES OF THE | : | Hon. William B. Hoffman, J. |
| WICKHAM FAMILY TRUST, ET AL | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| Plaintiffs-Appellees | : | Case No. 15 CAE 07 0057 |
|  | : |  |
| -vs- | : |  |
|  | : | O P I N I O N |
| ROBIN LESLIE WICKHAM, |  |  |
| AS TRUSTEE, OR HER |  |  |
| SUCCESSORS IN TRUST, UNDER |  |  |
| THE ROBIN LESLIE WICKHAM |  |  |
| TRUST, ET AL |  |  |

Defendants-Appellees

And

JAMES D. HARGREAVES

Defendant-Appellant

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Delaware County Court of Common Pleas, Case No. 13CVH12 1035 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 2, 2015 |

APPEARANCES:

| | |
|---|---|
| For: Delaware County Treasurer | For: Plaintiffs-Appellees |
| CAROL HAMILTON O'BRIEN | DAVID C. BARRETT, JR. |
| Delaware Prosecuting Attorney | AMANDA J. STACY |
| MARK J. FOWLER | 7259 Sawmill Road |
| 140 North Sandusky Street | Dublin, OH 43016-6342 |
| Delaware, OH 43015-8006 | |
| | For: Robin Leslie Wickham, Trustee |
| For: James D. Hargreaves | SCOTT M. GORDON |
| STEPHEN MARTIN | 82 North Franklin Street |
| 50 North Sandusky Street | Delaware, OH 43015-1932 |
| Delaware, OH 43015-1926 | |

*Gwin, P.J.*

{¶1}   Appellant James D. Hargreaves ["Hargreaves"] appeals from the Delaware County Court of Common Pleas June 24, 2015 Judgment Entry granting of Plaintiffs-Appellee John M. Wickham and Lisa F. Wickham, as Trustees of the Wickham family Trust and Deborah S. Shipley and Robert G. Shipley, Jr., as Trustees Under the Shipley Family Revocable Trust ["Appellees"] motion for summary judgment and ordering partition and the Amended Judgment Entry filed July 1, 2015, granting appellees' motion for summary judgment and ordering partition.

*Facts and Procedural History*

{¶2}   Appellees filed a Complaint for Partition and Quiet Title against Hargreaves and Defendants Robin Leslie Wickham, as Trustee, or her Successors in Trust, Under the Robin Leslie Wickham Trust; James D. Wickham, Debra Wickham, Thomas C. Hargreaves, James D. Hargreaves, Diane Hargreaves, the Delaware County Treasurer, and the Unknown Heirs of Wilmer Siegfried on December 18, 2013, and an Amended Complaint for Partition and Quiet Title Action on January 10, 2014.

{¶3}   The parties are siblings and their spouses who are the grandchildren to the former owners, J.C. and Ruth Wickham. (Case *Summary of Defendants Robin Leslie Wickham, Trustee for purposes the Initial Status Conference*, filed Oct. 9, 2014).

{¶4}   Hargreaves filed his Answer, Counterclaim and Cross-Claim on March 26, 2014. The Counterclaim and Cross-Claim demanded,

> (A) That the Property be appraised and sold and the proceeds paid
>
> to Plaintiffs and Defendants as their interests may appear; and

(B) That the Court direct a new survey of the premises should the same be determined to be necessary for transfer purposes, and order that the costs of the survey be taxed as a cost of this actions; and

(C) That Defendant James D. Hargreaves, be awarded such other legal and equitable relief to which Defendant, James D. Hargreaves , may be entitled, including an allowance of his attorney fees herein and the cost of this action; and

(D) That each Plaintiff and Defendant be required to set forth their interest in the premises.

*Answer of Defendant James D. Hargreaves,* filed Mar. 26, 2014 at 6-7.

{¶5} Appellees filed a Motion for Entry of Summary and Declaratory Judgment with Respect to the Quiet Title Action on March 25, 2014, in regard to the Unknown Heirs of Wilmer Siegfried. (First Motion for Summary Judgment.) No oppositions to this motion were filed and the court entered a Judgment Entry Quieting Title to Real Property on May 9, 2014. (May 9, 2014, Judgment Entry.)

{¶6} On October 8, 2014, Appellees filed a Motion for Partition and Appointment of Commissioners. On October 16, 2014, Appellees filed an Affidavit in Support of Motion for partition and Appointment of Commissioners. The co-tenant Defendants did not file responses or objections to the motion. The Court scheduled a bench trial for January 8, 2015, to address this motion, which was subsequently continued by Judgment Entries to January 29, 2015; March 5, 2015; and June 4, 2015.

{¶7} On January 2, 2015, Defendant Thomas C. Hargreaves filed a Motion to Modify Plaintiff's Action, Order for Partition and Subsequently Alter the Schedule of the

Court. Appellees filed a memorandum in response on January 8, 2015. Thomas C. Hargreaves sought dismissal of the action or a stay until a survey of the property is conducted, arguing that the value and disposition of the property will be adversely affected by a lack of a survey and corrected deed prior to any order of partition. The trial court denied the motion by Judgment Entry filed March 2, 2015. The trial court held that there is no statutory requirement that a survey be conducted prior to an order of partition. The court noted R.C. 5307.06 and R.C. 5703.07 provide for a survey if the commissioners "set the estate apart in lots" or divide any tract when partition of more than one tract is demanded. This is done after partition is ordered. The trial court further observed that a revised deed if needed will be determined at that time.

{¶8}   Appellees filed a Motion for Summary Judgment on Issues of Partition and Appointment of Commissioners on March 20, 2015. Attached to the motion for summary judgment were two affidavits. The first was from the Chief Executive Officer of Northwest Title, the company that prepared the title insurance, who explained that all of the co-tenants own a one-sixth interest in the property. The second affidavit was from an attorney verifying that true and accurate copies of the co-tenants completed Stipulations executed by Defendants James D. Wickham, Debra Kay Wickham, Thomas C. Hargreaves, and Robin Leslie Wickham, as Trustee, or her successor in trust, under the Robin Leslie Wickham Trust dated February 29, 2012.

{¶9}   Hargreaves is the only party not to execute the stipulations provided by the trial court. Instead, on April 6, 2015 he and his wife, Diane L. Hargreaves  filed a "Request — Court Reject Plaintiff[s] Motion for Summary Judgment on Issues of Partition and Appointment of Commissioners" with the trial court. Hargreaves affirmed the

need for a partition but questioned, "whether the Plaintiff has properly and completely prepared for and filed the Partition action." Id. at 3.

**{¶10}** Hargreaves filed his Response to appellees' Motion for Summary Judgment on April 9, 2015. In his response, Hargreaves again stressed his belief that a survey was necessary prior to partition. Affidavits or other materials did not accompany the response.

**{¶11}** By Judgment Entry filed May 18, 2015, the trial court denied appellees motion for summary judgment stating that appellees did not seek leave to file their motion for summary judgment and that they had missed the deadline established by the court for dispositive motions.

**{¶12}** On May 19, 2015, appellees filed a Motion for Nunc Pro Tune Order Correcting the May 18, 2015, Judgment Entry Denying Plaintiffs' Motion for Summary Judgment and Motion for Reconsideration of Plaintiffs' Motion for Summary Judgment.

**{¶13}** Appellees noted that the trial court had filed a scheduling entry on June 23, 2014 requiring all dispositive pre-trial motions be filed on or before November 24, 2014. However, by Judgment Entry filed July 28, 2014, the trial court filed a Judgment Entry Scheduling Telephone Conference that stated, "[t]he Scheduling Entry filed on June 23, 2014 at 8:43 a.m. is hereby VACATED."

**{¶14}** Appellees argued that no new dispositive motion deadline was set by the trial court, so appellees did not miss the deadline for filing dispositive motions. Appellees also argued the Court could, at its own discretion, rule on a motion for summary judgment, even if leave was not sought.

{¶15} The trial court agreed and subsequently filed two Judgment Entries on June 3, 2015. In the first entry filed at 10:56 a.m., the trial court granted the nunc pro tunc order to reflect that the court had vacated the June 23, 2014 scheduling order. The court further granted the motion for reconsideration. After noting that appellees had not sought leave before moving for summary judgment, the trial court noted that it was vacating the June 4, 2015 trial date. The court stated it would consider the motion for summary judgment at a non-oral hearing in ten days.

{¶16} In the second judgment entry filed by the trial court on June 3, 2015 at 10:57 a.m. the trial court filed a nunc pro tunc entry denying appellees' motion for summary judgment because they did not seek leave of court and the matter had been scheduled for a June 4, 2015 bench trial.

{¶17} Hargreaves did not file a response or opposition to Appellees' Motion for Nunc Pro Tunc Order and Reconsideration.

{¶18} On June 24, 2015, the trial court granted appellees motion for summary judgment and order of partition. On July 1, 2015, the trial court filed an Amended Judgment Entry to reflect that the entry filed June 24, 2015, "disposes of both the Plaintiffs' claims as set forth in their Amended Complaint and the claims set forth in Defendant James D. Hargreaves' Counterclaim/Crossclaim."

### ASSIGNMENT OF ERROR

{¶19} Hargreaves raises one assignment of error,

{¶20} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT TO PLAINTIFFS ON THEIR PARTITION CLAIM FOR RELIEF."

**Accelerated calendar.**

{¶21} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶22} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist.1983).

{¶23} This appeal shall be considered in accordance with the aforementioned rules.

**Summary Judgment.**

{¶24} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* 30 Ohio St.3d 35, 36, 506 N.E.2d 212(1987) As such, we must refer to Civ.R. 56(C).

{¶25} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138(1992)

{¶26}   Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* 65 Ohio St.3d 621, 629, 605 N.E.2d 936(1992), *citing Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46(1978).

Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R.

56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, * * *.

"The Supreme Court in *Dresher* went on to hold that when neither the moving nor non-moving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, 'and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276."

*Welch v. Ziccarelli*, 11th Dist. Lake No.2006-L-229, 2007-Ohio-4374, at ¶ 36-37, 40-42. (Parallel citations omitted.); *Egli v. Congress Lake Club,* 5th Dist. Stark No.2009CA00216, 2010-Ohio-2444 at ¶ 24-26.

{¶27} In deciding whether there exists a genuine issue of fact, the evidence must be viewed in the nonmovant's favor. Civ.R. 56(C). Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be

construed in a light most favorable to the party opposing the motion. *Turner v. Turner*, 67 Ohio St.3d 337, 341, 617 N.E.2d 1123, 1127(1993).

{¶28}    Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241(1996); *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St .3d 35,506 N.E.2d 212(1987). We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court is found to support it, even if the trial court failed to consider those grounds. *See Dresher, supra; Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327(9th Dist. 1995).

*Analysis*

{¶29}    Hargreaves makes several arguments. First, Hargreaves contends that the trial court overruled appellees' motion for summary judgment when it filed its Judgment Entry on June 3, 2015 at 10:57 a.m. Hargreaves argues this was done after the trial court granted the appellees' nunc pro tunc to correct the fact that they did not miss the filing deadline for dispositive motions because the trial court had vacated the scheduling entry setting the deadline. Hargreaves next argues that the motion was not pending before the court when it ruled on June 24, 2015.  Further Hargreaves contends they had no reason to submit evidence before the June 13, 2015 non-oral hearing date because the trial court had previously denied the motion for summary judgment. Hargreaves submits that not all relevant evidence was before the court when it ruled on the motion.

{¶30}    Partition actions are governed by R.C. Chapter 5307. Under that statute, a tenant in common, survivorship tenant, or coparcener (joint heir) may file a petition in the common pleas court seeking partition of real estate. R.C. 5307.01; R.C. 5307.03. "If the court of common pleas finds that the plaintiff * * * has a legal right to any part of the

estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." R.C. 5307.04. The court may appoint up to three commissioners. R.C. 5307.04.

{¶31} The commissioner has the duty to make the partition. R.C. 5307.06. In doing so, the commissioner is required to view and examine the property. Id. If the commissioner concludes that the estate cannot be divided "without manifest injury to its value," the commissioner "shall return that fact to the court of common pleas with a just valuation of the estate." R.C. 5307.09.

{¶32} If the court accepts the return, a party may elect to take the estate at the appraised value. Id. If so, the court must adjudge the property to that party, upon the party's paying to the other parties their proportion of its appraised value, according to their respective rights, or securing it as provided in R.C. 5307.10. If none of the parties elects to take the property, the court may order the property to be sold. R.C. 5307.11. Similarly, if multiple parties separately elect to take the property at its appraised value, the court must sell the property. *Weber v. McGowan–Young,* Clark App. No. 07–CA–89, 2008-Ohio-4147, 2008 WL 3586900, ¶ 14, *citing Darling v. Darling,* 85 Ohio St. 27, 33, 96 N.E. 939(1911). Once the court confirms the sale, the proceeds are distributed to the parties in proportion to their rights. R.C. 5307.14.

{¶33} Hargreaves has previously agreed that partition is appropriate,

> Defendant does not believe that the question of partition is in dispute in this action. The dispute in this action concerns the procedure to be followed in carrying out the partition.

*Case Summary of Defendant James D. Hargreaves for Status Conference*, filed Oct. 8, 2014 at 1-2. Hargreaves concerns are with the procedures to be employed. He requested three commissioners, a new survey, a determination of whether partition was possible without harming the value, and a determination of whether an auctioneer would conduct the sale. Hargreaves further wanted the ability to submit names for the commissioners, surveyors or auctioneers. In short, none of Hargreaves concerns created a genuine issue as to whether or not the partition should be granted.

**{¶34}** Hargreaves did file a response to the appellees motion for summary judgment on April 9, 2015. He did not attach any affidavits or other materials to his response. His response simply raised the need for a survey and a corrected deed, the same arguments that the trial court rejected on March 2, 2015 when it overruled Defendant Thomas C. Hargreaves Motion to Modify Plaintiff's Action, Order for Partition and Subsequently Alter the Schedule of the Court.

**{¶35}** Hargreaves has not cited this court to any requirement that a survey be conducted before a partition is granted.

**{¶36}** In *Todd Dev. Corp., Inc. v. Morgan,* 116 Ohio St.3d 461, 2008–Ohio–87, 880 N.E.2d 88, the Ohio Supreme Court held that a plaintiff moving for summary judgment "does not bear the initial burden of addressing the nonmoving party's affirmative defenses." Id. at ¶ 24, 880 N.E.2d 88. Rather, a non-moving party has the burden to submit evidence as to its own affirmative defenses. Id. at ¶ 14–18, 880 N.E.2d 88.

**{¶37}** In *Capital One Bank (USA) N.A. v. Ryan*, the Court observed,

The granting of leave to file an untimely motion for summary judgment is discretionary with the trial court. *Brinkman v. Toledo*, 81 Ohio App.3d 429, 432 (6th Dist.1992); *City Loan & Sav. Co. v. Howard*, 16 Ohio App.3d 185, 189 (2d Dist.1984). Accordingly, "a trial court's decision to grant leave to file will not be reversed absent an abuse of discretion." *Boyle v. City of Portsmith*, 4th Dist. No. 99CA669 (Mar. 31, 2001). *See also Paramount Supply Co. v. Sherlin Corp.,* 16 Ohio App.3d 176, 180 (8th Dist.1984) (noting that the party complaining about a court's decision to grant another party leave must demonstrate prejudice).

A trial court may, "in exercise of its sound discretion, consider a motion for summary judgment which has been filed, without express leave of court, after the action has been set for pretrial or trial." *Indermill v. United States*, 5 Ohio App.3d 243 (9th Dist.1982), paragraph one of the syllabus. This is so because "[l]eave of court may be express or implied by the action of the court." *Coney v. Youngstown Metro. Hous. Auth.*, 7th Dist. No. 00–C.A.–251, 2002–Ohio–4371, ¶ 42. "'[W]here the acceptance of a motion occurs by the grace of the court, the decision to accept is by itself leave of court.'" *Meyer v. Wabash Alloys, L.L.C.,* 8th Dist. No. 80884, 2003–Ohio–4400, ¶ 16, *quoting Lachman v. Wiermarschen*, 1st Dist. No. C–020208, 2002–Ohio–6656. By "addressing [a] motion for summary judgment [filed out of rule and without leave of court], the trial court implicitly grant[s] leave to * * * file it." *Smith v. Cincinnati Gas & Elec. Co.,* 75 Ohio App.3d 567, 572 (1st Dist.2000); *Meyer* at ¶ 16 (when the court

"acknowledged their motion [for summary judgment filed without leave] and set a hearing date" the court "showed that retroactive leave to file was granted"); *Juergens v. Stang, Klkubnik and Assoc., Inc.,* 96 Ohio App.3d 223, 234 (1994) (noting that "[t]he acceptance of the motion [for leave to file a motion for summary judgment] by the court after the case has been set for pretrial is in itself by leave of court albeit without the formal writing saying 'I seek the leave of court' "); *St. Paul Fire & Marine Ins. Co. v. Corwin,* 6th Dist. No. WD–00–058 (May 18, 2001) (the trial court "impliedly granted Marx and Corwin leave to file their motion for summary judgment when it considered and ruled on the motion").

10th Dist. Franklin No. 14AP-102, 2014-Ohio-3932, ¶¶ 31-31.

**{¶38}** The purpose of a nunc pro tunc entry is to make the record speak the truth. *Smith v. Smith*, Marion App. No. 9–06–41, 2007-Ohio-1089, ¶13, *citing Ruby v. Wolf*, 39 Ohio App. 144, 146, 177 N.E. 240(8th Dist. 1931). A court's power to enter a nunc pro tunc judgment is restricted to placing upon the record evidence of judicial action that has already been taken and can be exercised only to supply omissions in the exercise of functions that are merely clerical. Id. The function of a nunc pro tunc entry is not to correct or modify an existing judgment but rather to make the record conform to what has already occurred. *Pepera v. Pepera*, 8th Dist. Cuyahoga No. 51989, 1987 WL 8586(Mar. 26, 1987), *citing State ex rel. Phillips v. Indus. Comm.*, 116 Ohio St. 261, 155 N.E. 798(19270. A court may not by way of a nunc pro tunc entry enter of record that which it intended or might have done but which in fact was not done. Id., *citing Webb v. W. Res. Bond & Share Co.*, 115 Ohio St. 247, 153 N.E. 289(1926).

**{¶39}** In the case at bar, the trial court mistakenly ruled that appellees had missed the deadline for filing dispositive pre-trial motions. The purpose of the nunc pro tunc entry filed by the trial court was to make the record accurately reflect that the trial court had in fact vacated the scheduling order. The court did this via the Judgment Entry filed at 10:56 a.m. on June 3, 2015. That entry explicitly stated that the trial court would enter a "separate nunc pro tunc Judgment Entry..." The trial court additionally granted appellees leave to file the motion on June 3, 2015 and gave Hargreaves and any other interested party time to respond.

**{¶40}** The trial court filed the second nunc pro tunc entry on June 3, 2015 at 10:57 a.m. The purpose of the second entry was to correct the original May 18, 2015 entry in which the trial court had denied appellees motion for summary judgment. As no rights of any party are abridged, the second nunc pro tunc entry relates back to the original May 18, 2015 date. *See, State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶15, *citing State v. Yeaples*, 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333(3rd Dist.), ¶15 ("A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry"). Thus, the June 3, 2015 entry filed at 10:57 a.m. did not overrule the trial court's decision to consider appellees' motion for summary judgment granted by the trial court in the entry filed at 10:56 a.m. on June 3, 2015.

**{¶41}** Viewing the evidence in a light most favorable to Hargreaves, we find there are no genuine issues of material fact, and reasonable minds could come to but one conclusion in favor of appellees. Because all of the relevant evidence was before

the trial court and no genuine issue of fact existed, we find that the trial court did not err in granting judgment in favor of appellees.

{¶42}  Hargreaves sole assignment of error is overruled.

{¶43}  Accordingly, the judgment of the Court of Common Pleas, Delaware County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur