[Cite as *Fonce v. Kabinier*, 2023-Ohio-4027.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

RHONDA J. FONCE,
ZONING INSPECTOR
CHAMPION TOWNSHIP,
TRUMBULL COUNTY, OHIO,

        Plaintiff-Appellee,

        - vs -

CHARLES KABINIER a.k.a.
CHARLES J. KABINIER, et al.,

        Defendants,

DENNIS M. KABINIER,

        Defendant-Appellant.

**CASE NO. 2022-T-0111**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 00480

---

# **O P I N I O N**

Decided: November 6, 2023
Judgment: Affirmed

---

*Mark S. Finamore* and *Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Plaintiff-Appellee).

*John H. Chaney, III*, Daniel Daniluk, LLC, 1129 Niles Cortland Road, S.E., Warren, OH 44484 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Dennis M. Kabinier, appeals from the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Rhonda J. Fonce, Zoning Inspector for Champion Township. For the following reasons, we affirm the judgment of the lower court.

**{¶2}** On May 7, 2021, Fonce filed a Complaint for Preliminary and Permanent Injunctive Relief against Charles Kabinier and Sylvia Kabinier as well as their son, appellant Dennis Kabinier.  The Complaint alleged that Charles and Sylvia own a residential property while Dennis "manages [the] property as a residential 'rental premise,'" was "responsible for locating a Metal Shipping Container on the premises" and uses and has exclusive control over this container.  Count I alleged that the container violated the Champion Township Zoning Resolution which states that "Metal Shipping Containers are not permitted in any districts except industrial."  Count II alleged that using the property in violation of the Zoning Resolution constituted a public nuisance and that, although asked to remove the container, the defendants had not done so.  The Complaint requested that the defendants be enjoined from locating and using the container on their property.

**{¶3}** Attached to the Complaint were three copies of documents titled Final Notice to Comply-Zoning Violation addressed to each of the Kabiniers.  They stated: **"YOU ARE HEREBY NOTIFIED THAT YOU ARE <u>IN VIOLATION</u> OF THE CHAMPION TOWNSHIP ZONING RESOLUTION AS FOLLOWS:** Locating a Metal Shipping Container on your property."  The Notices indicated that the defendants were ordered to remove the shipping container immediately and that failure to do so would lead to legal action, including the filing of a criminal complaint or seeking an injunction.

**{¶4}** On October 4, 2021, plaintiff's counsel filed a Motion for Substitution and Suggestion of Death, indicating that Charles had died in February 2004 and Sylvia had died in January 2013.  It noted that no probate estate was filed for Charles and an intestate probate estate was filed for Sylvia but was closed prior to the appointment of a fiduciary.  It moved to substitute the deceased parties with their next of kin and spouses.  An amended

2

Complaint was filed, adding these parties as defendants as well as a new Count II, alleging that, even in the absence of the regulation relating to shipping containers, the metal container, as a structure, could not be located on the property without first applying for a zoning certificate and, thus, there could be no valid non-conforming use.

{¶5} Dennis Kabinier filed an Answer on January 18, 2022.

{¶6} On June 10, 2022, Fonce moved for summary judgment. She argued that the sole legal issue before the court was whether Dennis' use of the shipping container was "grandfathered in," since the container was placed on the property prior to the enactment of the metal container zoning provision in 2018. She argued that the placement of a container on the property was not legal prior to 2018 since the Zoning Resolution contained a requirement to obtain a zoning certificate prior to locating "buildings" on a premises. Attached to the motion for summary judgment was a copy of zoning regulations including the provision, effective June 4, 2018, prohibiting metal shipping containers in all districts which are not industrial and a section titled "Section 19: Zoning Certificate" which states: "Before constructing, locating, changing the use of, or altering any buildings, including accessory buildings or changing the use of any premises, application shall be made to the Champion Zoning Inspector for Zoning Certificate."

{¶7} Also attached were copies of citizen complaints made giving rise to the investigation of the Kabinier property. A copy of a May 2, 2018 letter titled "Violation" sent to Charles Kabinier was also attached, which requested removal of items on the property, including vehicles, trash, and the metal container. An affidavit signed by Fonce alleged that all allegations raised in the Complaint were true.

{¶8} Dennis filed a motion for summary judgment on June 30, 2022. He argued

3

that he did not have an ownership interest in the subject property and was not responsible for zoning violations. He argued that the existence of the "storage shed/building" on the property was a nonconforming use since the Zoning Resolution permitted single dwellings "and buildings accessory thereto." Finally, he alleged that he did not receive notice of the violations. In an attached affidavit, he swore that he did not own the property, the "storage shed/building" was "located upon" the property in 2011 and it was utilized as part of the estate for multiple years. In reply to Fonce's motion, he argued that the shed was not proven to be a "structure or building" as defined in the Zoning Resolutions and, thus, no zoning certificate was required for a valid non-conforming use.

{¶9} On November 1, 2022, the trial court issued a Judgment Entry granting summary judgment in favor of Fonce. It found that the placement of the shipping container on the property was not a nonconforming use since it was not permitted by the applicable zoning ordinance, as there was no zoning certificate issued for the container. It rejected Kabinier's argument that he could not be sued since he was not the owner of the property, finding a suit can be brought against the person in possession of the property. It also found no due process violation. It denied Kabinier's motion, granted Fonce's motion and entered judgment permanently restraining Kabinier from locating and using a metal shipping container on the property.

{¶10} Kabinier timely appeals and raises the following assignments of error:

{¶11} "[1.] Whether the trial court erred, and abused its discretion, in failing to find in favor of Appellant, where Appellee failed to assert its claim(s) against the real parties in interest.

{¶12} "[2.] Whether trial court erred, and abused its discretion, in failing to find in

4

favor of Appellant, where the storage shed/building on the real estate was a valid non-conforming use permitted by Appellee.

{¶13} "[3.] Whether trial court erred, and abused its discretion, in failing to find in favor of Appellant, where Appellant was entitled to due process and notice, but did not receive same from Appellee in this case and throughout this process."

{¶14} Summary judgment is properly granted when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law," i.e., when "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). An appellate court reviews the granting of a motion for summary judgment de novo. *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, 131 N.E.3d 12, ¶ 6. "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶15} In his first assignment of error, Kabinier argues that the trial court abused its discretion by failing to grant summary judgment in his favor where he was not a real party in interest in the litigation and the claims could not be prosecuted against him. Fonce contends that because Kabinier was in possession of the property, he was a proper party.

{¶16} An abuse of discretion standard has been applied to claims that a trial court improperly recognized a party to the proceedings pursuant to Civ.R. 17(A) and Civ.R. 25(C). *Midwest Business Capital v. RFS Pyramid Mgt., LLC*, 11th Dist. Trumbull No. 2011-T-0030, 2011-Ohio-6214, ¶ 18-25.

5

{¶17} Civ.R. 17(A) sets forth that "[e]very action shall be *prosecuted* in the name of the real party in interest." (Emphasis added.) It further discusses dismissal of the action in the absence of a real party in interest after time has been allowed for joinder or substitution of such party ("ratification, joinder, or substitution shall have the same effect as if the action has been commenced in the name of the real party in interest"). Civ.R. 17(A) does not address suits brought *against* a party. Case law relating to this rule resolves this issue in relation to the party bringing a claim rather than the defendant against whom a matter has been filed. *See City Natl. Bank v. Gides*, 11th Dist. Lake No. 2017-L-030, 2017-Ohio-7962, ¶ 20 ("a real party in interest is an individual who has suffered an injury in a matter"); *Progressive Macedonia, LLC v. Shepherd*, 11th Dist. Trumbull No. 2020-T-792, 2021-Ohio-792, ¶ 59 ("if a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action"). Kabinier does not cite authority applying this rule to defendants to an action.

{¶18} Kabinier also cites Civ.R. 25, which provides a procedure and timeline for substituting the proper party for a deceased party. Similarly, he cites R.C. 2117.06(A), which sets forth the procedure to be followed by creditors seeking to litigate claims against an estate. These arguments all relate to whether a claim can be maintained against the deceased. However, at the time of the initial filing of the complaint in this matter, Dennis was listed as a separate defendant and the action was brought against him personally in addition to his parents. This was before the plaintiff realized both parents were deceased and filed the suggestion of death. An action can be maintained separately against Dennis and not as a representative of the deceased parties for the reasons further described below. The validity of the lawsuit against his deceased parents and any representatives of his

6

parents is irrelevant to whether the claims against him individually were valid.

{¶19} Nonetheless, even considering the application of R.C. 2117.06 here, we do not find it precluded the Township, and Fonce as Zoning Inspector, from seeking an injunction for a zoning violation. R.C. 2117.06(A) provides: "All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims" to the executor, the probate court, or the distributees of the estate, depending upon the circumstances. R.C. 2117.06(B) requires that "all claims shall be presented within six months after the death of the decedent." "Creditor" for the purposes of R.C. 2117.06 has been "broadly defined by the Ohio Supreme Court," and includes "'all persons having rights in action against the decedent.'" *Harshbarger v. Moody*, 3d Dist. Logan No. 8-09-13, 2010-Ohio-103, ¶ 20; *Embassy Healthcare v. Bell*, 155 Ohio St.3d 430, 2018-Ohio-4912, 122 N.E.3d 117, ¶ 28 (citation omitted).

{¶20} Kabinier has not provided authority that demonstrates a township, as represented by the zoning inspector, is a "creditor" or "person" having a right to bring a claim against the decedents. A township is not "invested with the general powers of a corporation," it has "no inherent power," and it has "only those powers expressly authorized or necessarily implied from the expressed grant of statutory power." *In re Petition for Incorporation of the Village of Holiday City*, 70 Ohio St.3d 365, 369, 639 N.E.2d 42 (1994); *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of County Commrs.*, 2d Dist. Montgomery No. 22664, 2008-Ohio-6542, ¶ 15. *See Yorkavitz v. Bd. of Twp. Trustees of Columbia Twp.*, 166 Ohio St. 349, 351, 142 N.E.2d 655 (1957) ("[w]hatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is

7

limited to that which is expressly delegated to them by statute"). Kabinier does not provide authority supporting a conclusion that a township, which has limited authority and is not a corporation or legal person, is authorized to bring a claim as a creditor or in some manner initiate estate proceedings to bring such claim. R.C. 2117.06(A) provides methods for a creditor to raise claims either after the appointment of an executor or after the final account or certificate of termination has been filed. Here, it appears no executor was appointed and there was no final account or certificate of termination. While Kabinier contends that it was up to the township to "procure the appointment of an administrator of decedent's estate," he again does not support his argument with citation to case law that the township was able or required to do so.

{¶21} Significantly, we observe that R.C. 2117.06 has been recognized as having the purpose to "promote the early and final settlement of estates" and allow for "distribution to be made of the residuum among those entitled." *Pierce v. Johnson*, 136 Ohio St. 95, 99, 23 N.E.2d 993 (1939). Here, there was no financial encumbrance or inability to distribute the assets of the estate in the absence of a creditor claim brought by the township, as the township merely sought removal of a container on the property. Those interests implicated by creditors in estate proceedings vary from the interest of a zoning inspector and township to ensure compliance with zoning laws that affect the community as a whole, rather than impact the distribution of property to distributees free of encumbrances or claims. Again, R.C. 519.24 exists to allow the township to pursue such matters. Nonetheless, it is worth noting that Kabinier claims the estate has not been distributed and he does not have ownership of the property, so it may be questioned how the failure to bring a claim in probate court would impact him as the defendant in this action. We observe, however, that title to

8

real property vests immediately upon death in the heirs. *See Winters Natl. Bank & Trust Co., v. Riffe*, 2 Ohio St.2d 72, 76, 206 N.E.2d 212 (1965), citing *Barlow v. Winters Natl. Bank & Trust Co.*, 145 Ohio St. 270, 278, 61 N.E. 2d 603 (1945). Further, for the reasons addressed below, a claim was properly brought against him as present possessor of the property, which implicates a separate interest than those raised in estate proceedings.

{¶22} R.C. 519.24, under which the present proceedings were brought, provides: "In case any building is * * * located, erected, constructed, * * *, or used or any land is * * * used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, * * * the township zoning inspector * * * may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, * * * or use." It does not set forth a particular party who must be sued but references prevention or abatement of the violation. Kabinier does not cite to authority that the person in present possession of the property, although not the owner, cannot be subject to an action against the property.

{¶23} It has been held that the "present possessor" of a property is an appropriate defendant in a suit brought to enjoin zoning violations. *River Bend Farm Dev. Co. v. Cellular One*, 11th Dist. Portage No. 95-P-0076, 1996 WL 210783, *2 (Mar. 8., 1996); *Monus v. Day*, 7th Dist. Mahoning No. 10 MA 35, 2011-Ohio-3170, ¶ 41. A person in possession of land has been defined as one who "is in occupancy of land with intent to control it." *Hensley v. New Albany Co. Ohio Gen. Partnership*, 10th Dist. Franklin No. 97APE02-189, 1997 WL 798776, *6 (Dec. 31, 1997), citing Restatement of the Law 2d, Torts, Section 157 (1965). There is no factual dispute that Dennis Kabinier is presently residing at the property. He

9

stated in his affidavit that, upon the death of his father in 2004, he "was asked to move into and did move into the [subject] real estate with Sylvia." Although he maintains that he does not have an ownership interest in the real estate or rental agreement for the use and occupancy of the property, he does not deny that he continues to reside there. The record establishes that he is the occupant of the property and has been responsible for its care for a number of years. The failure to pursue probate proceedings or otherwise resolve the title to the property after his parents' death does not absolve him of the responsibility to comply with zoning regulations as the "present possessor." *See River Bend* at *2.

{¶24} Kabinier cites *Thomas v. Bldg. Dept. of Barberton*, 9th Dist. Summit No. 25628, 2011-Ohio-4493, in support of the proposition that "a future or speculative interest is not sufficient to confer standing." *Thomas* related to a party's standing to bring an appeal of the Building Department's order of condemnation. The court noted that the issue of standing in an administrative appeal must be demonstrated since appeals are "not allowed for the purposes of settling abstract questions but only to correct errors injuriously affecting the appellant." (Citation omitted.) *Id.* at ¶ 7. The interest here is different as the action filed by the plaintiff was filed to enforce an existing zoning violation, not to address a question in the abstract. The issue is not one of standing, i.e., whether Kabinier had an interest in the property. Rather, it is whether a person in possession of a property is responsible for complying with zoning regulations. The law allows for an injunction to be sought to prohibit or abate improper use of a property and, for the reasons outlined above, the suit could be brought against Kabinier, regardless of whether he is the owner. *See Bohach v. Advery*, 7th Dist. Mahoning No. 00 CA 265, 2002-Ohio-3202, ¶ 20 (finding that the person in possession of the property, rather than the owner, was impacted by zoning regulations).

Case No. 2022-T-0111

{¶25} The first assignment of error is without merit.

{¶26} In his second assignment of error, Kabinier argues that Fonce failed to demonstrate a violation of the zoning regulations since the use of the shipping container on the property was permissible at the time the container was placed there.

{¶27} There is no question that Section 5, Subsection 21 of the Champion Township Zoning Resolution provides that "Metal Shipping Containers are not permitted in any districts except industrial." There is no dispute that there was a metal shipping container on the Kabinier property. However, this regulation was not enacted until 2018, well after the container was placed on the property, a fact which Fonce concedes.

{¶28} R.C. 519.19 provides that "[t]he lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment" unless it is voluntarily discontinued. The Champion Township Zoning Resolution, Section 6(1), also provide that a non-conforming use "may be continued, except that, if it is voluntarily discontinued for one (1) year or more, it shall then be deemed abandoned * * *." "A use of property must be lawful at the time the use was established in order to qualify as a nonconforming use. Therefore, a use not permitted by the applicable zoning ordinance when the use was established does not constitute a nonconforming use." *Pschesang v. Terrace Park*, 5 Ohio St.3d 47, 448 N.E.2d 1164 (1983), syllabus. Further, "[n]onconforming uses are not favorites of the law." *Janson v. Beninato*, 11th Dist. Ashtabula Nos. 2015-A-0039 and 2015-A-0040, 2016-Ohio-2796, ¶ 24. The issue, then, is whether there was a nonconforming use for the property and whether it was properly demonstrated. "Civil actions pursuant to R.C. 519.24 require proof by clear

11

and convincing evidence." *Bd. of Mantua Twp. Trustees v. Kukral*, 11th Dist. Portage No. 2021-P-0093, 2022-Ohio-1721, ¶ 35.  While the party seeking to demonstrate that a certain use of land is prohibited has the burden to demonstrate that claim, a party claiming the right to use that property due to a nonconforming use carries the burden to establish such a use. *Petti v. Richmond Heights*, 5 Ohio St.3d 129, 131, fn. 1, 449 N.E.2d 768 (1983).

{¶29} As an initial matter, it is noteworthy that Kabinier's argument as to the nonconforming use in this matter changed somewhat over the course of the proceedings. In his motion for summary judgment, he emphasized that the Zoning Resolutions in effect "when the storage shed/building" was located on the property allowed single family dwellings and "**buildings accessory thereto**," implying that the container was an accessory building. (Emphasis sic.)  In his response to Fonce's motion for summary judgment, which asserted that a zoning certificate was required to have a building placed on one's property, he then contended that the shipping container was not a building and plaintiff failed to establish that it was.  Kabinier himself has been somewhat inconsistent in whether he believes the container on his property should be considered a building.

{¶30} The Champion Township Zoning Resolution, Section 4, provides that "[t]he following uses, and no other, shall be deemed class 'R' uses and permitted in all 'R' Districts: (1) Single and two family dwellings, and buildings accessory thereto."  It also includes various other uses not pertinent here.  It has been held that where a zoning code is permissive, i.e., lists all of the uses permitted and prevents all others, other uses need not be specifically prohibited.  *State ex rel. Bailey v. Madison*, 10th Dist. Franklin No. 12AP-284, 2012-Ohio-4950, ¶ 10.  In an effort to exhibit compliance with the listed uses, Kabinier initially emphasized that the Resolution made lawful "buildings accessory thereto."  According to

12

Champion Township Zoning Resolution, Section 19: "Before constructing, locating, changing the use of, or altering any buildings, including accessory buildings or changing the use of any premises, application shall be made to the Champion Township Zoning Inspector for a Zoning Certificate." While Kabinier now argues that the container was not a building for the purposes of avoiding the requirement to obtain a zoning certificate, he does not identify what other use permitted under the code applies.

{¶31} Nonetheless, presuming that having a container on the property was a lawful use in the absence of a finding that it was a building, and, thus, unlawful only due to the failure to get a zoning certificate, Kabinier's arguments still fail. We find that Kabinier failed to demonstrate that the container did not meet the definition of a building under the Zoning Resolution. Section 30 of the Resolution defines a structure or building as "anything erected, constructed or reconstructed on a foundation, posts, piles, blocks, skids, sills or support, whether such foundation, posts, piles, blocks, skids, sills or other support is or is not permanently located in, or attached to, the soil."

{¶32} Kabinier argues that the container does not meet this definition for a few reasons. First, he contends, without further analysis of the meaning of these terms, that the container was already built and was not erected or constructed. "Erected" has been defined not only as "to put up by the fitting together of materials," but also to "fix in an upright position" or to "set up, establish." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/erected#dictionary-entry-2 (accessed October 31, 2023). From the facts presented by the parties, there is nothing to refute a conclusion that the container was fixed in an upright position or "established" on the property. While it may not have been "constructed" by being assembled on the property, the fact that the definition provided

13

several terms to define a structure indicates they have different meanings. *See State v. Herbert*, 49 Ohio St.2d 88, 113, 358 N.E.2d 1090 (1976) ("the use of different language [in statutes] gives rise to a presumption that different meanings were intended"). Kabinier did not present any evidence relating to how the structure was placed on the property.

{¶33} As to the second requirement, a building must be located on foundation, posts, piles, blocks, skids, sills or support, whether they are attached to the ground or not. Although Kabinier argues that Fonce failed to demonstrate, through evidence or photographs, that the container was placed on such materials, as addressed above, the burden is on the party seeking to utilize the non-conforming use to establish lawful use. *Petti* 5 Ohio St.3d at 131, fn. 1, 449 N.E.2d 768. Here, the record is devoid of evidence as to whether the container was placed on a foundation, posts, or the other methods described. While Kabinier claims in his brief that it was not, he did not provide evidence or attest to this fact in his affidavit upon summary judgment. As the Ohio Supreme Court held in *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, a plaintiff moving for summary judgment "does not bear the initial burden of addressing the nonmoving party's affirmative defenses." *Id.* at syllabus. "Rather, a non-moving party has the burden to submit evidence as to its own affirmative defenses." *Wickham v. Wickham*, 5th Dist. Delaware No. 15 CAE 07 0057, 2015-Ohio-4136, ¶ 36, citing *Todd* at ¶ 14-18. "The landowner claiming the defense of a valid, nonconforming use must * * * prove, by a preponderance of the evidence, that the use existed on the effective date of the zoning change, and furthermore, that the use was legal at that time." *Wooster v. Entertainment One, Inc.*, 158 Ohio App.3d 161, 2004-Ohio-3846, 814 N.E.2d 521, ¶ 48 (9th Dist.); *Swan Creek Twp. v. Wylie & Sons Landscaping*, 168 Ohio App.3d 206, 2006-Ohio-584, 859 N.E.2d 566, ¶ 24 (6th Dist.) ("[t]he

14

party seeking to take advantage of a nonconforming use must demonstrate, by a preponderance of the evidence, that the use was lawful").

{¶34} Fonce met her initial burden of demonstrating that there was a metal shipping container on the property, both through Fonce's averment that the shipping container was located on the property and Kabinier's agreement that a container had been located on the property, and that this violated the Zoning Resolution in place prohibiting such use. Kabinier did not present evidence to support his contention that the container was a lawful use at the time it was placed on the property and failed to create a genuine issue of material fact as to this claim, thereby failing to meet the burden placed on the landowner. *See Stumpff v. Riverside Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 28589, 2020-Ohio-4328, ¶ 21 (where the record was "ambiguous" as to whether parcels were used as an automobile salvage yard before the enacted zoning ordinance, the defendant failed to meet his burden to prove the nonconforming use by a preponderance of the evidence); *Martin v. Cleveland*, 8th Dist. Cuyahoga No. 75405, 2000 WL 426546, * 5 (Apr. 20, 2000) (defendant failed to meet his burden of showing that the use of his property was lawful as he did not present evidence demonstrating whether the property had been enclosed by a wall of sufficient size for the purposes of storing wrecked vehicles).

{¶35} Further, we observe that the Zoning Resolution separately defines an "Accessory Building or "Structure" as a building with "one or more enclosed sides or a roof located on the same lot and of a nature customarily incidental and subordinate to the primary use, structure, building, or dwelling located on the lot." Provided this definition applies to the present circumstances, Kabinier also failed to present evidence that the container did not meet this definition. As noted above, such structure would also be subject to the requirement

15

to obtain a zoning certificate.

{¶36} Kabinier also argues that Fonce failed to demonstrate the date on which Section 30 of the Zoning Resolution became effective. A review of the Champion Township Zoning Resolution reveals that when provisions are added, the date of the change is denoted. While each individual definition in Section 30 ("Definitions") does not state the date of enactment, there is nothing to indicate that they were not in place at the times in dispute here. Nonetheless, for the reasons demonstrated above, the burden is on Kabinier to demonstrate a nonconforming use, to which the definition of the building is relevant. He did not present an alternate version of the Zoning Resolution nor other facts to support his contention that there was a nonconforming use.

{¶37} The second assignment of error is without merit.

{¶38} In his third assignment of error, Kabinier argues that "to insure compliance with due process requirements, the Zoning Resolutions of Champion Township * * * require that notice be given regarding all alleged zoning violations." He contends that notices were sent to Charles and/or Sylvia Kabinier on May 2 and December 6, 2018, but not to him and that the December notice only mentioned the violation of locating a shipping container on the property, not the failure to obtain a zoning permit. He alleges that the amended complaint brought up, for the first time, the zoning permit issue.

{¶39} The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, require that parties receive notice of judicial proceedings and a reasonable opportunity to be heard. *Ohio Valley Radiology Assocs. Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986). "'[A]n elementary and fundamental requirement of due process in any proceeding *

16

Case No. 2022-T-0111

* * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (Citation omitted.) *PHH Mtge. Corp. v. Prater,* 133 Ohio St.3d 91, 2012-Ohio-3931, 975 N.E.2d 1008, ¶ 9. "[D]ue process is a flexible concept demanding more, or less, depending upon particular factual circumstances." *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 337, 405 N.E.2d 1030 (1980).

{¶40} Kabinier alleged that only Charles and Sylvia received notices relating to violations, although Fonce attached to her motion for summary judgment copies of a letter addressed to Dennis. Presuming that Dennis Kabinier did not receive a notice, we still find no due process violation. Although Kabinier argues that the Champion Township Zoning Resolution requires notice of alleged zoning violations, he provides no reference to any provision or section that contains such a requirement. References to notice in the Resolution relate to hearings before the Board of Zoning Appeals, on zoning amendments and special use permits for adult entertainment businesses, and to the construction of telecommunications towers. The Enforcement Section of the Zoning Resolution, Section 21, provides that where there is a zoning violation, an action for injunction or other appropriate proceedings may be taken and prosecution may occur under Chapter 519 of the Revised Code. It does not reference notice to be given prior to instituting such proceedings.

{¶41} R.C. 519.24, under which the present matter was brought, allows for the bringing of a suit for injunction if a building is erected or land is used in violation of the zoning regulations. It does not reference a notice of violation requirement. It has been held that, where a notice of a zoning violation was not sent to a defendant, since she was served with the complaint and had the opportunity to defend the case in court, there was adequate notice

17

and no due process violation. *Litchfield Twp. Bd. of Trustees v. Nimer*, 2012-Ohio-5431, 982 N.E.2d 1282, ¶ 8 (9th Dist.). There is no question that Kabinier was able to respond to the complaint and present his arguments through the summary judgment proceedings.

{¶42} To the extent Kabinier takes issue with the fact that the original complaint did not address the failure to obtain a zoning certificate to place the metal container on the property, we do not find this violated his due process rights. Amending the complaint did not deprive Kabinier of notice as he was permitted to respond to the amended complaint and the additional allegation, filed an answer on January 18, 2022, and subsequently filed a motion for summary judgment and a response to Fonce's competing request for summary judgment. Further, this new count alleged the same violation that was contained in the original complaint and final notice, improperly having a storage container on the property, but merely provided justification as to why this was not a nonconforming use.

{¶43} The third assignment of error is without merit.

{¶44} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Fonce, is affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.


18

Case No. 2022-T-0111