[Cite as *Mantua Twp. Bd. of Trustees v. Kukral*, 2022-Ohio-1721.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

BOARD OF MANTUA
TOWNSHIP TRUSTEES,

      Plaintiff-Appellant,

- v -

RANDAL KUKRAL, et al.,

      Defendants-Appellees.

CASE NO. 2021-P-0093

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00290

## **O P I N I O N**

Decided: May 23, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Brett R. Bencze*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Nicholas J. Cardinal*, Cardinal Law, LLC, 156 North Main Street, Suite 4, Hudson, OH 44236 (For Defendants-Appellees).

MARY JANE TRAPP, J.

{¶1} Plaintiff-appellant, Board of Mantua Township Trustees (the "township"), appeals from the judgments of the Portage County Court of Common Pleas overruling its objections to the magistrate's decision, permanently enjoining defendants-appellees, Randal Kukral ("Mr. Kukral") and Erika Stout ("Ms. Stout"), from violating the township's zoning resolution, and fining Mr. Kukral and Ms. Stout $1.00 per day for each day of future noncompliance.

{¶2} The township asserts one assignment of error, contending that the trial court abused its discretion in imposing a "nominal civil penalty fine" of $1.00 per day.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court was not legally authorized to impose a fine against Mr. Kukral and Ms. Stout in the underlying case. The relevant statute, i.e., R.C. 519.99, applies only to criminal prosecutions and not to civil actions for injunctive relief. In addition, Ohio does not recognize a doctrine of anticipatory contempt.

{¶5} (2) Since the township's assigned error is based solely on the trial court's failure to impose a *more severe* fine, and since Mr. Kukral and Ms. Stout did not file a notice of cross-appeal, we find no reversible error.

{¶6} Thus, we affirm the judgments of the Portage County Court of Common Pleas.

## Substantive and Procedural History

{¶7} Mantua Township is located in Portage County. Its board of trustees adopted certain zoning regulations known as the Mantua Township Zoning Resolution (the "MTZR").

{¶8} Mr. Kukral is a former township resident who operates a landscaping business outside of Portage County. Ms. Stout is his spouse.

{¶9} In September 2019, Mr. Kukral and Ms. Stout purchased 16.926 acres of real property known as 12393 Chamberlain Road and located within an R-2 residential zoning district. At the time of purchase, the property was in poor condition, containing a dilapidated house and overgrown vegetation.

2

{¶10} Prior to purchasing the property, Mr. Kukral spoke with Peter Tosi ("Mr. Tosi"), who was the township's zoning inspector. Mr. Kukral informed Mr. Tosi of the couple's potential plans for the property, including building a home, constructing an accessory building, storing landscaping equipment, and starting a tree farm. Mr. Tosi was receptive to their ideas.

{¶11} Following their purchase of the property, Mr. Kukral and Ms. Stout donated the dilapidated house to the township's fire department for a controlled burn. They also applied for a permit to construct an accessory building and removed brush and vegetation. Mr. Tosi informed them that they had five years to build a residence on the property.

{¶12} Following the township's issuance of the building permit, Mr. Kukral and Ms. Stout constructed an enclosed accessory building consisting of approximately 6,000 square feet. Mr. Kukral began storing landscaping equipment in the accessory building and parking commercial vehicles on the property. According to Mr. Kukral, he invested between $300,000 to $350,000 to improve the property.

{¶13} At the end of 2019, Mr. Tosi resigned as zoning inspector and was replaced by Richard Gano ("Mr. Gano"). After receiving a neighbor's complaint, Mr. Gano inspected Mr. Kukral's and Ms. Stout's property. He observed that commercial vehicles, tools, and equipment were being stored on the property, which the MTZR does not permit in an R-2 residential zoning district.

{¶14} In May 2020, the township filed a civil complaint in the Portage County Court of Common Pleas alleging that Mr. Kukral and Ms. Stout were using the property for commercial purposes in violation of the MTZR. The township sought preliminary and

3

permanent injunctions and a fine of $100 per day and for each day thereafter that the property was in violation of the MTZR, payable to the township.

{¶15} Mr. Kukral and Ms. Stout filed an answer in which they denied the material allegations of the township's complaint and asserted several affirmative defenses, including laches and estoppel.

{¶16} The parties agreed to consolidate the preliminary and permanent injunction hearings. Following two unsuccessful mediations, the magistrate held a permanent injunction hearing.

{¶17} The township presented testimony from Mr. Gano and submitted exhibits consisting of the MTZR and photos of the property. Mr. Kukral and Ms. Stout presented testimony from themselves and from Mr. Tosi and submitted exhibits consisting of the zoning permit for the accessory building, photos of the property, photos of nearby properties, and letters in support.

{¶18} The magistrate filed a decision stating that although Mr. Kukral's and Ms. Stout's reliance on Mr. Tosi's representations was reasonable, the defenses of estoppel and laches do not apply against the state, its agencies, or its agents. The magistrate found by clear and convincing evidence that Mr. Kukral and Ms. Stout were in violation of the MTZR. The magistrate imposed a fine of $1.00 per day until the property was brought into compliance and stated that a compliance hearing would be held in five years.

{¶19} On the same date, the trial court filed a judgment entry adopting the magistrate's decision in whole and without modification.

{¶20} The township filed objections to the magistrate's decision. The township objected to (1) the magistrate's purported factual finding that the township unevenly

4

enforced its zoning laws; (2) the magistrate's imposition of an "arbitrary" fine of only $1.00 per day; and (3) the magistrate's decision to set a compliance hearing in five years.

{¶21} Mr. Kukral and Ms. Stout opposed the township's objections. The trial court filed a journal entry overruling the township's objections.

{¶22} The township appealed and presents the following assignment of error:

{¶23} "The trial court abused its discretion in its determination to grant only a nominal civil penalty fine of one dollar a day for defendants' ongoing zoning violations."

## Standard of Review

{¶24} We review a trial court's adoption of a magistrate's decision for an abuse of discretion. *Shiloh Ministries, Inc. v. Simco Exploration Corp.*, 2019-Ohio-2291, 138 N.E.3d 504, ¶ 25 (11th Dist.). An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). However, to the extent we are required to construe and apply sections of the Ohio Revised Code, our review is de novo. *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20.

## Law and Analysis

{¶25} According to the township, R.C. 519.99 authorizes courts to impose a "civil penalty fine" to encourage property owners to comply with the law. However, the trial court's fine was insufficient to encourage Mr. Kukral's and Ms. Stout's compliance. Therefore, the township seeks reversal of the trial court's judgment and remand for a "more persuasive calculation."

5

{¶26} We disagree with the premise of the township's argument, i.e., that the trial court was legally authorized to impose a fine in the underlying civil action.

### *Township Zoning*

{¶27} In Ohio, the authority of a township to enact zoning ordinances derives not from the township's inherent authority or the Ohio Constitution but from the General Assembly. *Apple Group, Ltd. v. Granger Twp. Bd. of Zoning Appeals*, 144 Ohio St.3d 188, 2015-Ohio-2343, 41 N.E.3d 1185, ¶ 6. R.C. Chapter 519 sets forth the method by which townships may regulate land use. *Id.* R.C. 519.02(A) grants authority to a township's board of trustees to regulate by resolution, among other things, "the location, height, bulk, number of stories, and size of buildings and other structures" and "the uses of land for trade, industry, residence, recreation, or other purposes."

{¶28} The township adopted the MTZR pursuant to its statutory authority in R.C. Chapter 519.

### *Enforcement*

{¶29} Townships may enforce their zoning resolution by civil action and/or by criminal prosecution. *Spencer Twp. Bd. of Trustees v. Dad's Auto Parts, LLC*, 6th Dist. Lucas No. L-09-118, 2010-Ohio-2253, ¶ 19.

{¶30} Pursuant to R.C. 519.23, a violation of a zoning resolution constitutes an "offense." It provides as follows:

{¶31} "No building shall be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any board of township trustees

6

Case No. 2021-P-0093

under sections 519.02 to 519.25, inclusive, of the Revised Code. Each day's continuation of a violation of this section may be deemed a separate *offense.*" (Emphasis added.)

{¶32} Criminal prosecutions pursuant to R.C. 519.23 require proof beyond a reasonable doubt. *Spencer Twp.* at ¶ 19.

{¶33} R.C. 519.24 authorizes a township to file a civil action to enforce its zoning resolution. It provides as follows:

{¶34} "In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, *may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use*. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute any actions brought under this section." (Emphasis added.)

{¶35} Civil actions pursuant to R.C. 519.24 require proof by clear and convincing evidence. *Spencer Twp*. at ¶ 21.

{¶36} Here, the township filed a civil action for injunctive relief pursuant to R.C. 519.24. Following a hearing, the magistrate found by clear and convincing evidence that

7

Mr. Kukral and Ms. Stout were in violation of the MTZR. The trial court adopted the magistrate's decision and issued a permanent injunction.

### *Fines*

**{¶37}** At issue in this case is R.C. 519.99, which provides "Whoever violates sections 519.01 to 519.25 of the Revised Code shall be *fined* not more than five hundred dollars for *each offense*." (Emphasis added.) Courts have held that R.C. 519.99 applies only to criminal prosecutions pursuant to R.C. 519.23 and not to civil actions for injunctive relief pursuant to R.C. 519.24.

**{¶38}** For instance, in *Spencer Twp.*, the Sixth District found no error where the trial court failed to impose daily fines and legal fees against a property owner. *Id.* at ¶ 22. The court stated that the property owner "was neither charged with nor convicted of committing any criminal offense" and that R.C. 519.23 "does not apply to these proceedings," i.e., a civil action for injunctive relief. *Id.*

**{¶39}** In *Hensel v. Temple*, 3d Dist. Hardin No. 6-76-8, 1977 WL 199555 (May 13, 1977), the Third District found error where the trial court imposed $100 a day against a property owner until he complied with the court's permanent injunction. *Id.* at *5. The court stated that R.C. 519.99 "creates a criminal offense and is not applicable to the present case which lies in injunction." *Id.* at *6; *see also Hensel v. Temple*, 3d Dist. Hardin No. 6-79-1, 1979 WL 207960, *6 (June 8, 1979) ("[T]he penalty provided by R.C. 519.99 for a violation of the township zoning statutes, including a violation of R.C. 519.23, consisting of a fine, may be imposed only by criminal action and not by civil action").

**{¶40}** These decisions are consistent with the plain meaning of the statutory text. R.C. 519.23 and R.C. 519.99 both refer to an "offense," which is ordinarily associated

8

with a crime.  *See Black's Law Dictionary*, OFFENSE (11th Ed.2019) (noting that the terms "crime," "offense," and "criminal offense" are "synonymous and ordinarily used interchangeably").  By contrast, when the legislature has authorized the imposition of a civil penalty or fine, it has used different terminology.

**{¶41}** For example, three of the cases that the township cites involve R.C. 6111.09(A), which provides that "[a]ny person who violates" water pollution laws "shall pay a *civil penalty* of not more than ten thousand dollars per day of violation."  (Emphasis added.)

**{¶42}** Another case the township cites involves R.C. 3734.13(C), which provides that "the court may impose * * * a *civil penalty* of not more than ten thousand dollars for each day of each violation" of solid waste laws.  (Emphasis added.)

**{¶43}** For townships (unlike Mantua Township) that have adopted a limited home rule government, R.C. 504.05 authorizes its board of trustees to impose a "civil fine" for a violation of its resolutions.

**{¶44}** We agree with our sister districts' construction of R.C. 519.99.  Accordingly, we conclude that R.C. 519.99 did not authorize the trial court to impose a fine against Mr. Kukral and Ms. Stout in the underlying civil action for injunctive relief.

### *Anticipatory Contempt*

**{¶45}** We note that the trial court's fine resembles a sanction to enforce its permanent injunction.  For instance, the fine purportedly began to accrue on the date of the injunction and continued each day thereafter that the property was not in compliance with the MTZR.

9

Case No. 2021-P-0093Case No. 2021-P-0093

**{¶46}** We acknowledge that a trial court may impose a fine for a party's breach of an injunction as an act of contempt. *See, e.g.*, R.C. 2727.02; R.C. 2727.05; R.C. 2727.11; R.C. 2727.12. However, Ohio does not recognize a doctrine of "anticipatory contempt." *Bd. of Edn. of the Brunswick City School Dist. v. Brunswick Edn. Assn.*, 61 Ohio St.2d 290, 294, 401 N.E.2d 440 (1980). Therefore, a fine imposed for a party's breach of an injunction must necessarily occur subsequent to such breach and pursuant to a contempt action. *See Hensel*, 1977 WL 199555, at *5 (recognizing this distinction).

**{¶47}** Accordingly, we also conclude that the trial court was not authorized to impose a fine against Mr. Kukral and Ms. Stout as a sanction for anticipatory contempt.

### *Disposition*

**{¶48}** Despite the foregoing discussion, we do not find reversible error in this appeal. The township's assigned error is based solely on the trial court's failure to impose a more severe fine. Since the trial court was not authorized to impose *any* fine, its failure to impose a *more severe* fine was not erroneous.

**{¶49}** Further, Mr. Kukral and Ms. Stout did not file a notice of cross-appeal seeking to change the trial court's judgments. *See* App.R. 3(C)(1) ("Whether or not an appellee intends to defend an order on appeal, an appellee who seeks to change the order * * * shall file a notice of cross appeal * * *"). Rather, they request affirmance.

**{¶50}** Finally, we must note that our disposition does not preclude a township from pursuing appropriate remedies to encourage compliance with its zoning resolutions. As explained above, a township may pursue criminal prosecution against alleged violators and/or seek enforcement of a court's injunction pursuant to contempt proceedings.

**{¶51}** The township's sole assignment of error is without merit.

10

Case No. 2021-P-0093

{¶52} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas are affirmed.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

11

Case No. 2021-P-0093