[Cite as *Rootstown Twp Bd. of Trustees v. Helmlin*, 2022-Ohio-4045.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

ROOTSTOWN TOWNSHIP
BOARD OF TRUSTEES,

        Plaintiff-Appellee,

- vs -

ROBERT E. HELMLING,

        Defendant-Appellant.

CASE NO. 2022-P-0010

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2016 CV 00316

**O P I N I O N**

Decided: November 14, 2022
Judgment: Reversed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Brett R. Bencze*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Oliver T. Koo*, 250 South Chestnut Street, Suite 23, Ravenna, OH 44266 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Robert E. Helmling, appeals the judgment overruling his objections to a magistrate's decision and denying his motion to recalculate a fine. We reverse.

{¶2} In 2016, appellee, Rootstown Township Board of Trustees ("Rootstown"), filed a complaint against Helmling. In its complaint, Rootstown maintained that Helmling owns real property located in a residential zoning district of the township. Rootstown maintained that Helmling was violating certain provisions of the township's zoning

resolution by using the property for commercial or business purposes, including such purposes as keeping, locating and/or storing of materials, equipment, motor vehicles and other items related to commercial business uses that are not accessory to residential purposes. Rootstown sought preliminary and permanent injunctions ordering Helmling to cease using his property in such a manner. Rootstown also sought a fine of up to $250.00 per day for each day that the property remained in noncompliance with the resolution pursuant to R.C. 519.99.

{¶3}   On April 13, 2017, the magistrate issued a decision, adopted by the trial court on the same date. In the judgment entry, the court granted a permanent injunction against Helmling enjoining him from bringing additional construction, demolition, and salvage related materials onto the property and ordering him to remove such materials from the property by October 1, 2017. The court ordered a fine of $250.00 for each new occurrence of bringing such materials onto the property and a $100.00 per day fine for every day after October 1, 2017, that such materials remained on the property. Thereafter, the court "fu[r]ther ordered that pursuant to Chapter 519 of the Ohio Revised Code Defendant shall be fined and the property assessed the amount of $100.00 per day for each day that the property remains in noncompliance with this order." Neither party appealed this judgment.

{¶4}   In 2018, Rootstown moved to reduce the fines to judgment and requested a hearing. A hearing in the matter was scheduled for December 7, 2018. Although it is unclear from the record, the parties appear to agree in their briefs that Rootstown failed to pursue the 2018 motion. The next docket entry after the December 7, 2018 hearing notice is a motion, time-stamped January 6, 2021, filed by Rootstown again seeking to

2

reduce the fines to judgment and requesting a hearing. A hearing was held before the magistrate on Rootstown's motion. Thereafter, the magistrate issued a decision in favor of Rootstown for $13,450.00, which the magistrate indicated represented the fine of $100.00 per day for a total of 1345 days. The same day, the trial court adopted the magistrate's decision and issued judgment in the amount of $13,450.00. Rootstown then moved the court to correct the mathematical error in the judgment, as a fine of $100.00 per day for 1345 days equals $134,500.00. Thereafter, Helmling filed a memorandum in opposition to the motion to correct and moved to recalculate the fine. Helmling further sought an extension to file objections to the magistrate's decision until fourteen days after the trial court's ruling on the pending motions.

{¶5} Subsequently, the magistrate and the trial court issued a decision and judgment entry, each labeled as nunc pro tunc, correcting the total fine to $134,500.00. Helmling moved for extensions to file objections to the magistrate's decision, which the magistrate granted. Thereafter, Helmling filed his objections, arguing: (1) the testimony was insufficient to establish a continuing violation of the property for 1345 days; (2) the magistrate failed to consider the impossibility of inspection or compliance with assessing the fine; (3) the stay-at-home order issued in 2020 due to COVID-19 made it impossible to inspect or modify the property regarding zoning issues during a portion 2020; (4) the magistrate did not consider whether Helmling's agricultural use of the property exempted some portion of it from the zoning resolution; (5) the magistrate failed to consider whether the violations were de minimis and the fine unjust; (6) the magistrate failed to consider whether the fine was punitive or unfair regarding the nature and scope of the violations; (7) the fine was unfairly imposed in light of changed conditions and use of the property.

3

Case No. 2022-P-0010

Helmling sought leave to supplement his objections once the transcript had been prepared pursuant to Civ.R. 53(D)(3)(b)(iii), which the magistrate granted. After the transcript was prepared, Helming supplemented his objections, expounding upon the seven arguments raised in his initial objections.

{¶6} In a judgment entry issued January 7, 2022, the trial court overruled Helmling's objections to the magistrate's decision and denied Helmling's motion to recalculate the fine.

{¶7} In his first assigned error, Helmling argues:

{¶8} "The trial court committed prejudicial error by not considering whether any proposed fine was punitive or unfair considering the nature and scope of the alleged violations upon Mr. Helmling, when the underlying action did not have authority to fine him in a civil proceeding under R.C. 519.99 or injunctive relief via anticipatory contempt?"

{¶9} "We review a trial court's adoption of a magistrate's decision for an abuse of discretion." *Bd. of Mantua Twp. Trustees v. Kukral*, 11th Dist. Portage No. 2021-P-0093, 2022-Ohio-1721, ¶ 24, citing *Shiloh Ministries, Inc. v. Simco Exploration Corp.*, 2019-Ohio-2291, 138 N.E.3d 504, ¶ 25 (11th Dist.). "An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making." *Kukral* at ¶ 24, citing *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). "However, to the extent we are required to construe and apply sections of the Ohio Revised Code, our review is de novo." *Kukral* at ¶ 24, citing *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20.

Case No. 2022-P-0010

**{¶10}** In his first assigned error, Helmling argues that the trial court erred in imposing a $100.00 per day fine because R.C. 519.99 does not authorize the trial court to assess such a fine in an action for an injunction. Further, Helmling argues that a fine could only be assessed after breach through a contempt proceeding in this case.

**{¶11}** Although Helmling initially couches his first assigned error in terms used in his sixth argument in his objections, i.e. that the fine was punitive and unfair, Helming did not specifically raise the argument that the fine was unauthorized in his objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *See also* Civ.R. 53(D)(3)(b)(ii) ("An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."). "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." (Citations omitted.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 579 N.E.2d 1099 (1997), syllabus.

**{¶12}** Helmling does not frame his argument in terms of plain error in his brief, and instead relies on the standard of review set forth in paragraph nine above. Nonetheless, we conclude he has established plain error in the imposition of the fine for the reasons that follow.

5

Case No. 2022-P-0010

**{¶13}** Rootstown concedes that R.C. 519.99 does not authorize a fine in civil cases. R.C. 519.99 provides, "Whoever violates sections 519.01 to 519.25 of the Revised Code shall be fined not more than five hundred dollars for each *offense.*" (Emphasis added.) In *Kukral*, this court held that R.C. 519.99 does not authorize the trial court to impose a fine against a property owner in civil actions for injunctive relief, as such a fine may only be imposed in criminal cases. *Kukral*, 2022-Ohio-1721, at ¶ 37-44.

**{¶14}** Further, in *Kukral* we noted that "the trial court's fine resembles a sanction to enforce its permanent injunction. For instance, the fine purportedly began to accrue on the date of the injunction and continued each day thereafter that the property was not in compliance with the [zoning resolution]." *Id.* at ¶ 45. We acknowledged "that a trial court may impose a fine for a party's breach of an injunction as an act of contempt." *Id.* at ¶ 46, citing R.C. 2727.02, R.C. 2727.05, R.C. 2727.11, and R.C. 2727.12. "However, Ohio does not recognize a doctrine of 'anticipatory contempt.'" *Kukral* at ¶ 46, citing *Bd. of Edn. of the Brunswick City School Dist. v. Brunswick Edn. Assn.*, 61 Ohio St.2d 290, 294, 401 N.E.2d 440 (1980). "Therefore, a fine imposed for a party's breach of an injunction must necessarily occur subsequent to such breach and *pursuant to a contempt action.*" (Emphasis added.) *Kukral* at ¶ 46, citing *Hensel v. Temple*, 3d Dist. Hardin No. 6-76-8, 1977 WL 199555, *5 (May 13, 1977) (recognizing this distinction).

**{¶15}** Applying the principles recognized by *Kukral* to the present case, it is clear that here the trial court lacked authority to impose a fine pursuant to R.C. 519.99 or for anticipatory contempt. Rootstown maintains that although "[t]he trial court should not have assessed the fine pursuant to R.C. 519.99, as per a ruling of [t]his court in * * * *Kukral*, [t]he fine that was assessed at $100 a day was not anticipatory contempt, as such

6

fine was not calculated and to become 'official' until Rootstown Township demonstrated that Mr. Helmling was not in compliance with the court order."[1] Despite Rootstown's statement that the fine was not anticipatory contempt, its reasoning that the fine was not effective until Helmling breached the injunction is in essence the type of anticipatory contempt identified in *Kukral*.

{¶16} Therefore, as the trial court lacked authority to impose the fine in this case, we conclude that the imposing the fine amounted to plain error.

{¶17} Accordingly, Helmling's first assigned error has merit.

{¶18} In his second assigned error, Helmling maintains:

{¶19} "The trial court committed prejudicial error by fining Mr. Helmling when the underlying judgment is an injunction, but when assessing the fine the Trial Court did not take into account periods where it would have been impossible to comply such as during the COVID-19 shutdown; impossibility is a defense for consideration before imposing a fine."

{¶20} In his second assigned error, Helmling maintains that the trial court erred in not recognizing a defense of impossibility due to the COVID-19 shutdown. Our disposition of the first assigned error renders Helmling's second assigned error moot, and we decline to address it.

---

1.      Conversely, Rootstown did not raise in the trial court, nor does it raise in this court, any issue of whether Helmling's challenges to the fine are barred by the doctrine of res judicata for failure to appeal the 2017 judgment. *See Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 27.

7

{¶21} The judgment of the trial court is reversed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-P-0010